THOMAS REANEY, RESPONDENT, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, APPELLANT.

Argued November 24, 1915—Decided June 19, 1916.

A landowner who invites others to use a private way owned by him as though it were a public street, and under the belief that it is such, owes to them as such owner no greater duty than that owed by the public to one using a highway.

On error to the Supreme Court.

For the appellant, *Charles E. Miller* (*George Holmes* on the brief).

For the respondent, *Warren Dixon.*

The opinion of the court was delivered by

PARKER, J. The accident that resulted in this suit occurred on the same strip of land that was involved in the case of *Black* v. *Central Railroad Co.*, 85 *N. J. L.* 197. That was a case of a railroad crossing accident, and the plaintiff in that case claimed that the strip of land in use as a way with the ordinary *indicia* of a public street was, in fact, such by dedication and public user. We there held that it was unnecessary to decide the question whether it was in fact and law a public highway, for, assuming that it was not, still, by holding it out as such, the defendant railroad company was laid under the same duty of giving statutory signals or protection by a flagman or gates as if it were in fact a highway.

The plaintiff's claim in the case at bar is quite different, and, as will be seen, must depend on the theory that the strip in question, called "Johnston Avenue," is not a highway, but private property which plaintiff was, as claimed, invited to use as a private way, and with respect to which defendant owed plaintiff the duty of care co-extensive with the invitation, as held in a long line of cases, of which *Phillips* v. *Library Company*, 55 *N. J. L.* 307, is the leading one. Plaintiff, on foot, was using this passageway early on a winter morning when it was dark and the way, as he claimed, unlighted, and the stone pavement was deep in soft mud, so that he was not seen by the men in a coal wagon that came up rapidly behind him, and did not hear it on account of the muffling of the noise by the mud and earth, so that it ran into and injured him. This was the gravamen of the plaintiff's complaint. He charged therein that the strip of land was a "street or highway" owned, controlled and maintained by defendant. The answer denied that it was a street and asserted that it was a private passageway. If it was a public highway the defendant would have no legal control over it, and, of course, would be under no obligation to light it or keep it in condition. Consequently, in order to raise any duty in favor of the plaintiff, assuming the fact of invitation, which, we think, was properly for the jury, the case must be treated on the theory of invitation to use as a passageway for pedestrians

a strip of land belonging to and controlled by the defendant, and adapted for that purpose. On this branch of the case the theory most favorable to the plaintiff on the evidence was that the passageway was held out as a public street or lane, apparently with no sidewalk, paved with large stones, the pavement in poor order, the way used to plaintiff's knowledge continually by heavy coal trucks and express wagons, and thrown open to the public as if it were in fact a public street. Such invitation to use it as was inferable from plaintiff's employment by an express company which occupied part of defendant's premises and to whose place of business his employment called him (and no specific or express invitation anywhere appears), amounted to no more than the privilege of using the way as a dark lane or alley, in common with vehicles, horses, &c., and subject to the usual vicissitudes of miscellaneous travel. There was nothing to show the assumption of any obligation on defendant's part to light or police the way or maintain a protected footway thereon, or regulate the manner in which wagons should be driven through it. We held, in the Black case, *ubi supra,* that defendant might be held liable on the theory of negligence in an accident at a highway crossing, because the duty of giving signals or protecting the crossing was involved in holding out the way as a highway. The defendant cannot, in such a situation, be held to any greater duty, *i. e.,* it should not be said that by inviting the plaintiff to use this way as a public highway it laid itself under the duty of such care as would be called for on portions of its premises ostensibly as well as in fact controlled by it and reserved for private passageways. Its only duty was to maintain the passageway in reasonably safe condition as to roadway for the use of passengers, animals and vehicles; and we find nothing in the evidence indicating a breach of that duty. There was no duty to light; that did not rest on the municipality at common law, and if it could be said that defendant assumed the charter duties of Jersey City with respect to this way, still it does not appear that that city is required by charter to light the streets and alleys of the city. Neither was there any duty to keep the pavement clean so as

to enable wagons to be heard. Such a doctrine would be fanciful. The failure to provide a sidewalk, and the permitting of horses to gallop in the darkness, are urged before us. They are not counted on in the complaint, and so defendant was not required to meet them; and it would have been error to permit the jury to consider them. *Excelsior Electric Co.* v. *Sweet,* 59 *N. J. L.* 441. It was therefore error to deny the motions to nonsuit and to direct, grounded in part on the absence of any duty to plaintiff that would support the complaint.

The judgment will be reversed in order that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 15.